UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED FRANKLIN, JR.,

        Plaintiff,              CASE NO. 15-CV-12995
                                           HONORABLE GEORGE CARAM STEEH

v.

CITY OF HIGHLAND PARK POLICE OFFICER
HOLLIS SMITH, CITY OF HIGHLAND PARK
POLICE OFFICER ASKIA ALLISON, and CITY
OF HIGHLAND PARK POLICE OFFICER
MITCH HEANEY, in their individual and official
capacities, jointly and severally,

        Defendants.
_____/

ORDER DENYING DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT (DOC. 15)

Plaintiff Fred Franklin has brought the instant action against Highland Park police officers Hollis Smith, Askia Allison, and Mitch Heaney (collectively, "Defendants"), alleging, in short, that Defendants improperly stopped, arrested, threatened, and beat him. (*See* Compl., Doc. 1). In Count 1, Mr. Franklin seeks relief, pursuant to 42 U.S.C. § 1983, for Defendants' alleged violations of Mr. Franklin's Fourth and Fourteenth Amendment rights. In the remaining counts, Mr. Franklin seeks relief under state tort law: assault and battery (Count 2), intentional infliction of emotional distress (Count 3), false arrest (Count 4), and false imprisonment (Count 5). Now before the Court is Defendants' motion for partial summary judgment. (Doc. 15). Defendants request that the Court dismiss all of Plaintiff's state tort law claims on the ground that "[i]n his deposition, Plaintiff admitted that he had no state law claims." (Doc. 15 at 2).

Although the Court initially ordered oral argument on the instant motion, the Court has now decided that it is appropriate to decide the instant motion without oral argument, based on the written submissions of the parties, pursuant to Local Rule 7.1(f)(2). For the reasons explained below, the Court will deny Defendants' motion.

## I. BACKGROUND[1]

One summer evening, Mr. Franklin was departing from his friend's home in Highland Park when an unmarked police car turned on its flashing lights and pulled him over. (Franklin Dep. 16, 20). Two of the Defendants, who were wearing plain clothes and who did not identify themselves as police officers, approached Mr. Franklin's car. (*Id.* at 20). One of them "pulled [Mr. Franklin] out of the car," placed Mr. Franklin on the ground, face down, and "kicked [him] in the side" of his body. (*Id.* at 21). The two Defendants then picked Mr. Franklin up and placed him in the back of the police car. (*Id.* at 22). One of the Defendants transported Mr. Franklin to the Highland Park police station, and the other drove Mr. Franklin's car to the station. (*Id.*).

When the police car carrying Mr. Franklin arrived at the station, the Defendants did not immediately remove Mr. Franklin from the back of the car. (Franklin Dep. 24-25). Rather, the two Defendants mentioned in the paragraph above and a third Defendant stood outside the car. (*Id.* at 25). One Defendant asked Mr. Franklin whether he had ever been interviewed before and cautioned him that one of the other Defendants had "a mean slap." (*Id.* at 24). Immediately after that remark, a "fist c[a]me flying through the window [of the

---

[1] The following alleged facts come from Mr. Franklin's deposition, the sole piece of evidence submitted by the parties. (Doc. 15-2). All facts are construed in favor of the non-moving party, Mr. Franklin.

car], bam, bam, [and] then [the hand] start[ed] taking my head and pounding it up against the back of the partition in the police car." (*Id.*). Then, one of the Defendants "hit [Mr. Franklin] in the forehead with a flashlight." (*Id.*).

The Defendants next "start[ed] battering [Mr. Franklin] with questions" while he was still in the back of the car. (Franklin Dep. 23). They asked him what he was doing at his friend's house and whether he had consumed or was carrying drugs. (*Id.*). The Defendants threatened to pump Mr. Franklin's stomach, and when that threat failed to make Mr. Franklin admit to consuming drugs, they "start[ed] talking about [taking Mr. Franklin] out to Belle Isle [and] throwing [him] off the bridge." (*Id.*). Mr. Franklin complained about the handcuffs, which were "so tight that [his] arm start[ed] going numb." (*Id.*). Mr. Franklin "beg[ged]" the Defendants to loosen the cuffs, but they replied that they "hope[d] [his] hands [would] fall off." (*Id.*).

The Defendants finally removed Mr. Franklin from the back of the police car, and they then placed him in a cell in the station. (Franklin Dep. 28). The Defendants detained Mr. Franklin for about twenty minutes and then returned his belongings and told him to "get out of [there]." (*Id.*). Mr. Franklin left, leaving the car at the station. (*Id.* at 29).

## II. LEGAL STANDARD

Rule 56(c) empowers a court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed courts' use of summary judgment as an integral part of the fair and efficient administration of justice. The

procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distrib. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48; *see also Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence from which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

## III. DISCUSSION

Defendants request that the Court grant summary judgment with respect to Counts 2-5, dismissing these four counts. Defendants do not contend that the evidence summarized above fails to create material issues of fact with respect to these four counts. Rather, Defendants claim that Counts 2-5 should be dismissed because "Plaintiff admitted that he had no state law claims." (Doc. 15 at 2). Defendants rely on a part of Mr. Franklin's deposition in which Mr. Franklin stated his "only claim" was that the officers used excessive force against him. (Franklin Dep. 42). The full line of questioning went as follows:

> Q. I'm showing you [the federal civil complaint].
> . . .
> Q. Are you familiar with that document?
> A. I don't remember it.
> Q. . . . In this complaint it says that you're suing the Highland Park police officers for violation of your constitutional rights. . . . [Y]ou don't have any legal training, correct?
> A. No.
> Q. Okay. It says you're also suing these police officers for assault and battery.
> A. Okay.
> Q. Are you aware of that?
> A. Yes.
> Q. Okay. Are you aware of the other claims you have?
> A. Constitutional rights, talking about my Miranda rights? They didn't read me my rights? That's what you're talking about?
> Q. No. I'm asking you. You're the one that's suing.
> A. Yeah.
> . . .
> A. My constitutional rights. That's what I'm suing for.
> Q. What constitutional rights?
> . . .
> A. The right not to be beat up just because you're arrested. You know, you ain't got to beat people up. I mean, for what?
> . . .
> Q. Now, you . . . didn't have a valid operator's license. Are you saying that you can't be arrested for that?
> A. No. I'm saying that you shouldn't be beat up because you don't have an operator's license.

. . .
Q. You're not disputing the arrest?
A. No. I'm not disputing the arrest. I'm not disputing the stop. I'm not disputing any of that. My claim against them is for beating me up, had nothing to do with the arrest or the stop.
Q. Any other claims besides beating you up?
A. No.
Q. Now, you were in -- you were held for 20 minutes. Are you saying that was improper?
A. No.
Q. Okay. So we have a claim of excessive force when the police officers beat you up. . . . Is that your claim?
A. Yes.
Q. Okay. That's your only claim, correct?
A. Yeah.

(Franklin Dep. 40-42). Based on the deposition testimony quoted above, Defendants claim that Mr. Franklin has made "binding" admissions that his only claim is for "excessive force." (Doc. 15 at 11).[2] Mr. Franklin responds that "[d]eciding what legal claims may be married to the facts [is] in an attorney's exclusive province; said claims may not be eliminated by the simple expedience of ambushing a party at his deposition." (Doc. 17 at 7).

The Court agrees with Mr. Franklin and rejects Defendants' argument. Mr. Franklin told a nightmarish story of being illegally detained, threatened, and beaten. Mr. Franklin never repudiated this story. Rather, he simply stated that his only grievance is the physical violence used against him, not the stop, arrest, or detention. Such testimony does not undermine the underlying story that supports all of his claims, including the state-law

---

[2] By this, Defendants apparently mean that Mr. Franklin only intends to proceed on his Fourth and Fourteenth Amendment claim (Count 1). While Defendants' argument clearly fails with respect to all of the counts, as explained below, it is particularly puzzling that Defendants believe that Mr. Franklin waived his claim for assault and battery (Count 2). After all, Mr. Franklin repeatedly indicated that his primary concern was that he was allegedly beaten up by Defendants.

claims.[3]

To the extent that there is any tension between Mr. Franklin's testimony stating that his only grievance is the use of physical violence and his testimony setting forth the story of his encounter with Defendants, such tension does not defeat Mr. Franklin's claims at the summary-judgment stage. Rather, this tension simply affects Mr. Franklin's credibility. Admittedly, sometimes contradictions in the summary-judgment record can be fatal to a plaintiff opposing summary judgment. For example, the Sixth Circuit has held that when a plaintiff's deposition testimony fails to support his claims, the plaintiff cannot then "create a genuine issue of material fact" by filing an affidavit that "essentially contradicts his earlier deposition testimony." *Penny v. UPS*, 128 F.3d 408, 415 (6th Cir. 1997). But the Sixth Circuit has limited this rule: It only applies when the later-filed affidavit is truly contradictory. *See Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 833 (6th Cir. 1999). And the Sixth Circuit has *certainly* not held that, when there are internal inconsistencies in a plaintiff's deposition testimony, the district court is required to credit the parts of the deposition that oppose the plaintiff's claims and disregard the parts of the deposition that support the plaintiff's claims. To resolve inconsistencies in such a manner would fly in the face of the established rule that the court must construe all facts in favor of the non-moving party. *See O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 592 (6th Cir. 2009), *abrogated on unrelated grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016) ("That [the plaintiff] could be inconsistent in both [of] her depositions . . . may

---

[3] Defendants have not argued that the facts stated in Mr. Franklin's deposition testimony are insufficient as a matter of law to support the five counts in Mr. Franklin's complaint.

indicate a lack of credibility on her part or go to the weight of the evidence," but is does not justify the district court in ignoring the favorable testimony in ruling on the summary-judgment motion.); *cf. Jeffreys v. City of New York*, 426 F.3d 549, 555 (2d Cir. 2005) ("'[W]hen the facts alleged are *so contradictory* that doubt is cast upon their plausibility, [the court may] pierce the veil of the complaint's factual allegations . . . and dismiss the claim.'" (quoting *Aziz Zarif Shabazz v. Pico*, 994 F. Supp. 460, 468-71 (1998)) (emphasis added) (second alteration and omission in original)).  Here Mr. Franklin's testimony is not truly inconsistent.  But even if there is an internal inconsistency in the deposition testimony, it is not sufficiently serious to justify the Court in resolving Defendants' summary-judgment motion against Mr. Franklin.

Therefore, Defendants' argument that Mr. Franklin's deposition testimony vitiates all issues of material fact clearly fails.  Defendants' argument could be charitably recast, however, as an argument of waiver or estoppel.  The argument would be that Mr. Franklin, by testifying that his only claim involved the excessive force allegedly used against him—not the stop, the arrest, or the detention—waived all of his claims that are unrelated to excessive force.  But this argument would also fail.

A waiver is "an intentional relinquishment or abandonment of a known right or privilege."  *Johnson v. Zerbst*, 304 U.S. 458, 464 (1966).  Generally speaking, a party's deposition testimony about the legal basis for his or her claims does not "ha[ve] the legal effect of a waiver."  *Kalamazoo Acquisitions, L.L.C. v. Westfield Ins. Co.*, 395 F.3d 338, 345 (6th Cir. 2005); *see also Rambler v. Rochez Bros., Inc.*, 202 F.3d 259, 1999 WL 1134553, at *2 (4th Cir. 1999) (unpublished table).  But in extraordinary cases, some courts have indeed held that a party may waive a claim or defense through his or her deposition

testimony.  Some courts have held that where a party *repeatedly* denies in his or her deposition that he or she is bringing a given claim, he or she may be deemed to have waived the claim.  *See, e.g.*, *Thompson v. Sisson*, No. 1:12-CV-1327, 2015 WL 1476734, at *2 (W.D. Mich. Mar. 31, 2015) (unpublished) (holding that a plaintiff waived his Eighth Amendment claim when the plaintiff "was asked multiple times during his deposition about his Eighth Amendment claim against Defendant, and Plaintiff answered in the negative on each occasion"); *Bennett v. Gates*, No. 1:09-CV-00647-TWP, 2010 WL 4668367, at *5 (S.D. Ind. Nov. 9, 2010) (unpublished).  Also, one court has held that where a plaintiff explicitly states in his or her deposition that he or she is "dropping" a claim for a certain type of damages, and where the defendant relies on this representation in preparing for trial, the plaintiff can be estopped from later requesting this type of damages at trial.  *Sheffer v. Novartis Pharm. Corp.*, No. 3:12-CV-238, 2014 WL 10293770, at *1 (S.D. Ohio July 15, 2014) (unpublished).  Similarly, the Sixth Circuit has held that a plaintiff proceeding *pro se* can waive a claim through his or her deposition testimony.  *See Alsenas v. City of Brecksville*, 221 F.3d 1333, 2000 WL 875717 (6th Cir. 2000) (unpublished table case).  The Sixth Circuit has also held that where a given factual theory for a claim is not expressly pleaded in the complaint and where the plaintiff denies that he is claiming under this theory in his or her deposition, the plaintiff waives his or her right to bring present the claim to the jury on that factual theory.  *Wood v. Mid-Am. Mgmt. Corp.*, 192 F. App'x 378, 382 (6th Cir. 2006) (unpublished); *see also Carter v. Ford Motor Co.*, 561 F.3d 562, 567 (6th Cir. 2009).

     The Court cannot conclude that Mr. Franklin knowingly relinquished a known right.  His testimony reveals that he had never read the complaint, and he admitted that he was not a legal expert.  A charitable reading of Mr. Franklin's testimony suggests that his

primary concern was with the alleged excessive force used against him, and that he was also concerned with the alleged violation of his constitutional rights. But he never expressly disclaimed his claims for intentional infliction of emotional distress, false arrest, and false imprisonment—let alone assault and battery. Moreover, none of the extraordinary scenarios listed above has occurred in the instant case. Mr. Franklin said a few times, in a brief line of questioning, that he was not concerned about the stop, arrest, or detention—this does not rise to the level of a "repeated" denial. Mr. Franklin never stated that he was "dropping" any of his claims. Mr. Franklin is not *pro se*, and thus his statements cannot be interpretted as the statements of counsel. And the rest of Mr. Franklin's deposition testimony, as well as his complaint, clearly sets forth the factual basis for his claims, and therefore Defendants cannot claim that they will be surprised if Mr. Franklin brings all five counts to trial.

### IV. CONCLUSION

For the reasons stated above, Defendants' motion for partial summary judgment (Doc. 15) is DENIED. The Court will not dismiss any of Mr. Franklin's five counts.

IT IS SO ORDERED.

Dated: May 5, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 5, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---