UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED FRANKLIN, JR.,

        Plaintiff,                    CASE NO. 15-CV-12995
                                                      HONORABLE GEORGE CARAM STEEH

v.

CITY OF HIGHLAND PARK POLICE
OFFICER HOLLIS SMITH, CITY OF
HIGHLAND PARK POLICE OFFICER
ASKIA ALLISON, and CITY OF
HIGHLAND PARK POLICE OFFICER
MITCH HEANEY, in their individual and
official capacities, jointly and severally,

        Defendants.
_____/

**ORDER OVERRULING DEFENDANTS' OBJECTIONS (DOC. 25)
TO MAGISTRATE JUDGE'S ORDER (DOC. 24)**

      Following the Court's denial of Defendants' motion for partial summary judgment, Defendants filed a motion for leave to take a second deposition of Plaintiff and to modify the scheduling order to provide time for the requested deposition. (Doc. 20). The Court referred the motion to Magistrate Judge Elizabeth Stafford, who issued an order denying Defendants' motion. (Doc. 24). Defendants have filed objections to the Magistrate Judge's order, (Doc. 25), and Plaintiff has fled an opposition to Defendants' objections, (Doc. 26). For the reasons explained below, the Court will overrule Defendants' objections.

      **I.**      **Standard of Review**

      The discovery and scheduling issues that Defendants raised in their motion were nondispositive matters. *See generally Vogel v. U.S. Office Products Co.*, 258 F.3d 509,

514-15 (6th Cir. 2001). A district court judge "may reconsider any [nondispositive] pretrial matter [decided by a magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). A factual finding "is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotation marks omitted). And under the "contrary to law" standard, the district court judge must conduct a "plenary" review and "employ 'independent judgment with respect to the magistrate judge's conclusions of law.'" *Davis v. City of Detroit*, No. 15-10547, 2016 WL 3751913, at *1 (E.D. Mich. July 14, 2016) (quoting *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995)); *see also Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

## II. Discussion

### A. Defendants' First Objection

Defendants' first objection is that "[t]he magistrate [judge] failed to follow the standards set forth in Fed. R. Civ. P. Rule 26(b)(2) for gra[n]ting leave to continue Plaintiff's Deposition." (Doc. 25 at 8). This objection is without merit.

As the Magistrate Judge accurately explained, the Defendants' "motion [to allow a second deposition was] governed by Federal Rule of Civil Procedure 30(a)(2)(A)(ii), which requires leave of court to take a deposition of someone who has already been deposed. The Court [was required] grant leave to the extent that [such leave would be]

-3-

consistent with [Rule] 26(b)(1) and (2)." (Doc. 24 at 2-3). Rule 26(b)(2)(C) provides, in relevant part, that a court "must limit the frequency or extent of discovery . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative . . . ; [or] (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action."

The Magistrate Judge correctly applied Rule 26(b)(2)(C). The Court fully agrees with the Magistrate Judge's factual findings and legal conclusions. In particular, the Court agrees with the Magistrate Judge's conclusion that Defendants have already "had an ample opportunity to depose [Plaintiff]." (Doc. 24 at 3). The Court also notes that a second deposition would be unreasonably cumulative. As the Magistrate Judge explained, Defendants' counsel, through his questioning of Plaintiff, elicited a full account of the allegedly illegal stop and arrest, from start to finish. Furthermore, as the Magistrate Judge explained, Defendants' counsel elicited testimony from Plaintiff about Plaintiff's alleged injuries, including his alleged emotional distress. Defendants' counsel could have asked further questions and perhaps elicited more detail, but he made the strategic choice not to do so.

Defendants cite *Lewis v. Mount Morris Township*, No. 06-CV-15428, 2007 WL 2902890 (E.D. Mich. Sept. 28, 2007) (Cleland, J.), in support of their argument that the Magistrate Judge incorrectly applied Rules 26 and 30. In that case, the court explained that "[c]ourts ordinarily require a particularized showing of necessity for each additional deposition." *Id.* at *1. Both in their original motion and their notice of objections, Defendants have failed to make such a particularized showing. Rather, Defendants have conclusorily stated that a further deposition is necessary because it would enable them to "pursue questioning around Plaintiff's state law claims." (Doc. 25 at 9). As

-3-

noted above, Plaintiff explained the factual basis of his claims during his deposition. Again, Defendants' counsel could perhaps have elicited more *detail*, but he chose not to do so. The mere possibility that a second deposition would enable Defendants to elicit more detail from Plaintiff is patently insufficient under the "particularized showing of necessity" standard.

### B.   Defendants' Second Objection

Defendants' second objection is that the "magistrate [judge] committed clear error when [she] determined that defendants' motion to modify the scheduling order was moot." (Doc. 25 at 10 (capitalization removed)). The Magistrate Judge concluded that the Defendants' motion to modify the scheduling order was moot on the ground that this motion was "premised on [Defendants'] purported need to continue [Plaintiff's] deposition." (Doc. 24 at 5). The Court, after reviewing the parties' filings, reaches the same conclusion. Moreover, Defendants do not explain in their notice of objections why their motion to modify the scheduling order was not moot, but rather simply rehash the legal standards for modifying a scheduling order. (*See* Doc. 25 at 10-11). Thus, Defendants have waived their second objection. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) ("Generally, the failure to file specific objections to a magistrate's report constitutes a waiver of those objections."); *Opengeym v. Care*, No. 14-13037, 2016 WL 1623990, at *1 (E.D. Mich. Apr. 25, 2016) ("An 'objection' that does nothing more than disagree with a magistrate judge's determination, 'without explaining the source of the error,' is not considered a valid objection." (quoting *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991))).

-4-

### III. Conclusion

Defendants first objection is without merit. Defendants second objection is without merit, and in any case has been waived. Therefore, for the reasons stated above, Defendants objections (Doc. 25) are OVERRULED.

IT IS SO ORDERED.

Dated: August 15, 2016

s/George Caram Steeh<br>
GEORGE CARAM STEEH<br>
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 15, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---